**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>               Plaintiff,<br><br>    v.<br><br>RACKSPACE US, INC.; NETAPP, INC.;<br>and SOLIDFIRE, LLC,<br><br>              Defendants. | **LEAD Case No. 6:16-cv-961-RWS-JDL** |

**PLAINTIFF REALTIME DATA LLC'S OPPOSITION TO
DEFENDANTS RACKSPACE US, INC.'S MOTION TO STAY PENDING
*INTER PARTES* REVIEW (DKT. NO. 106)**

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ................................................................................................ 1

II. LEGAL STANDARD ......................................................................................... 2

III. ARGUMENT ...................................................................................................... 2

    A. A Stay Will Not Simplify Issues. .............................................................. 2

        1. IPRs have not been instituted for three asserted patents and Rackspace has not agreed to be bound by the estoppel provision of 35 U.S.C. § 315(e) for these three patents. ............................................................................................ 3

        2. The IPRs do not cover all asserted claims. ........................................ 4

    B. Staying This Case Will Unduly Prejudice Realtime and Give Rackspace an Unfair Tactical Advantage ............................................................................. 5

        1. A stay will prejudice Realtime's interest in the timely enforcement of its patent rights. ................................................................................................... 5

        2. A stay will deny Realtime its chosen forum for litigating validity. ................. 6

        3. A stay increases the risk of losing evidence. ...................................... 8

    C. The Advanced State of the Litigation Weighs Against a Stay. .................... 9

IV. CONCLUSION .................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
  No. 9:13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) .................................... 5, 8, 9

*Anascape, Ltd. v. Microsoft Corp.*,
  475 F. Supp. 2d 612 (E.D. Tex. 2007) ........................................................................... 9

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
  No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ......................................... 2

*Cooper Notification, Inc. v. Twitter, Inc.*,
  No. CIV. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ......................................... 7

*Intellectual Ventures II LLC v. Kemper Corp.*,
  No. 6:16-CV-0081, 2016 WL 7634422 (E.D. Tex. Nov. 7, 2016) ......................................... 4

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
  No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ..................... 5, 6, 10

*Pers. Audio, LLC v. Togi Entm't, Inc.*,
  No. 2:13-CV-13-JRG-RSP, 2014 WL 12617549 (E.D. Tex. Aug. 1, 2014) ............................. 4

*Realtime Data LLC v. Actian Corp.*,
  No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016) ................. 2, 6, 10

*SoftView LLC v. Apple Inc.*,
  No. CIV. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ......................................... 7

*Soverain Software LLC v. Amazon.Com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) ................................................................................... 2

*Trover Grp., Inc. v. Dedicated Micros USA*,
  No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ........................... 3, 6

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
  No. 6:12-CV-221-LED-JDL, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014) ........................... 6

**Statutes**

35 U.S.C. § 141 ................................................................................................................. 6

35 U.S.C. § 315 ....................................................................................................... 1, 3, 4, 7

35 U.S.C. § 316 ................................................................................................................. 6

## I.    INTRODUCTION

The Court has already considered and denied a motion (filed by co-defendants NetApp and SolidFire) to stay pending *inter partes* review (IPR). Dkt. No. 105. Even at an earlier stage of this case, the Court held that the three-factor test weighed against a stay because "there is no possibility that the IPR proceedings could fully resolve patent validity" and because there was "undue prejudice towards Plaintiff." *Id.* at 8, 11. The Court's prior ruling denying NetApp and SolidFire's stay motion was correct, and Rackspace provides nothing to distinguish its situation.

Each of the three relevant factors weighs against a stay. *First*, a stay pending IPR will not simplify this case. As for NetApp and SolidFire, "there is no possibility that the IPR proceedings could fully resolve patent validity" (*id.* at 8) against Rackspace because two asserted claims are not covered by any of the IPRs (instituted or pending). Further, IPRs have *not* been instituted for three of the seven patents asserted against Rackspace. And even if they are instituted one day, Rackspace—who has not joined in any of the IPR petitions—has refused to agree to be bound by the estoppel provision of 35 U.S.C. § 315(e) for these three patents.

*Second*, a stay will inflict a significant tactical disadvantage to Realtime. Like NetApp and SolidFire, Rackspace is not a petitioner in any of the IPRs. Thus, Rackspace proposes to "simply sit back and wait," with no risk and no effort, while Realtime expends significant time and resources defending its patents in IPRs. Like the Court found for NetApp and SolidFire's stay motion, this is clear "undue prejudice towards Plaintiff." Dkt. No. 105 at 10–11.

*Third*, the parties and this Court have already expended substantial time and resources on this case. The pleadings closed long ago, the Court has issued several orders and ruled on motions. The parties have exchanged infringement and invalidity contentions and have produced documents. Claim construction is underway and will be nearly completed by the time this motion is fully briefed. The advanced status of this case weighs against a stay. Indeed, the Court denied NetApp and SolidFire's motion to stay pending IPR even though this case was "in its nascent stages." Dkt. No. 105 at 11. There is even more reason to deny Rackspace's motion to stay because the case is now far more advanced.

1

## II.    LEGAL STANDARD

A decision to stay is within the sound discretion of the Court, and "there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *1 (E.D. Tex. June 14, 2016) ("*Actian*") (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). If such a stay was "routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman J., concurring). "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts." *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007)). "Federal court calendars should not be hijacked in this manner." *Id.*

In determining whether to stay, courts consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Actian*, 2016 WL 3277259, at *1 (citing *Soverain*, 356 F. Supp. 2d at 662). As discussed below, all three factors weigh against a stay.

## III.    ARGUMENT

### A.    A Stay Will Not Simplify Issues.

The Court's analysis regarding simplification of issues in denying NetApp and SolidFire's stay motion applies equally to Rackspace here. Dkt. No. 105 at 5-8. For instance, "there is no possibility that the IPR proceedings could fully resolve patent validity" (*id.* at 8) because at least two asserted claims ('530 patent claim 20 and '908 patent claim 3) are not subject to any IPRs or IPR petitions. Moreover, there are three asserted patents for which IPR has not been instituted, and for which Rackspace has not agreed to be bound by estoppel.

2

**1.     IPRs have not been instituted for three asserted patents and Rackspace has not agreed to be bound by the estoppel provision of 35 U.S.C. § 315(e) for these three patents.**

In this District, it is "not just the majority rule[,] *it is the universal practice*" to deny pre-institution motions to stay. *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (emphasis added). Indeed, "[t]his Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay." *Id.*

Here, IPRs have been instituted for only four of the seven patents asserted against Rackspace (the '992, '530, '513, and '908 patents). The PTAB has not decided whether to institute the IPR petitions filed for the remaining three asserted patents (the '867, '506, and '728 patents)—some of which were filed as late as January 30, 2017. And more importantly, Rackspace *refused to agree* to be bound by the estoppel provision of 35 U.S.C § 315(e) with respect to these three patents.[1] Thus, even if the PTAB ultimately decides to institute the pending petitions, there will be no simplification of the issues for three of the seven asserted patents— Rackspace would "free to rehash many of the same invalidity arguments based on references already considered by the PTO in the IPR proceedings." *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-CV-0081, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016); *see also Pers. Audio, LLC v. Togi Entm't, Inc.*, No. 2:13-CV-13-JRG-RSP, 2014 WL 12617549, at *1 (E.D. Tex. Aug. 1, 2014) (Anything short of a full statutory estoppel is "illusory given that Defendants retain the right to assert invalidity challenges in this proceeding in an otherwise unlimited fashion, including challenging validity with references that the PTAB considered—but rejected—as a basis for instituting *inter partes* review").

In an attempt to circumvent the law of this District, Rackspace, in a footnote, states: "In view of this Court's practice of not staying cases where IPRs have not been instituted,

---

[1] During the parties' meet and confer relating to the instant motion, Rackspace stated: "we do not agree right now to any estoppel on the non-instituted IPRs but may consider agreeing in the future if they are instituted."  Ex. 1.

Rackspace's instant motion is based only on those IPRs that have been instituted and only seeks a stay pending those IPRs." Mot. at 3 n.1. This is improper and misleading. That Rackspace currently seeks a stay pending resolution of only the instituted IPRs does not change its refusal to be bound by the full statutory estoppel (or any degree of estoppel, for that matter) for to the '867, '506, and '728 patents. Rackspace's argument these three patents "share a common specification" with some of the patents subject to IPR (Mot. at 6) likewise fails.[2] Absent Rackspace's agreement to be bound by § 315(e) for all asserted patents, the parties will have to re-litigate many of the same validity issues regardless of the outcome of the IPRs. This "not only increases the ability of [Rackspace] to 'game the system' and devise an unfair second bite at the apple, it also has the potential to increase rather than reduce the complexity of the validity issues that may come before the Court." *Intellectual Ventures*, 2016 WL 7634422, at *3.

### 2.      The IPRs do not cover all asserted claims.

As noted in Rackspace's motion, the IPRs do not cover all asserted claims. The instituted IPRs exclude at least claim 20 of the '530 patent and claim 3 of the '908 patent. *See* Mot. at 2-3. This weighs against a stay. Rackspace's arguments otherwise have already been rejected by this Court in its decision denying co-defendants NetApp and SolidFire's motion to stay pending IPR:

> Further, at least two of the asserted claims in this case are not the subject of instituted IPRs. If NetApp was subject to the full statutory estoppel provisions of Section 315 there would likely be some simplification of the issues. However, given that there are asserted claims in this case that are not subject to IPR petitions, at this time there is no possibility that the IPR proceedings could fully resolve patent validity. Thus, simplification would not be to the same extent as in the *HPE* action, where all claims are the subject of pending or instituted IPR petitions.

Dkt. No. 105 at 7-8. Just as for NetApp and SolidFire, there is no possibility that the IPR proceedings will fully resolve patent validity here.

Furthermore, any simplification of the claims that are covered by the IPRs is speculative at best. This Court has recognized that there is "no guarantee that the claims will be amended or

---

[2] Rackspace suggests that there is only one "family of patents" in this case. Mot. at 1. That is incorrect. The seven asserted patents are not all related to each other. Rather, there are two separate patent families.

cancelled during the IPR." *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *3 (E.D. Tex. Sept. 18, 2014). And though "some of the claims may change in this case, … the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case on hold for an indefinite and lengthy period of time." *Id.* Thus, "[w]ith no guarantee of simplified issues, the interest of justice favors denying the stay on this factor. *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9:13-CV-102, 2015 WL 11110606, at *2 (E.D. Tex. Apr. 2, 2015).

**B.      Staying This Case Will Unduly Prejudice Realtime and Give Rackspace an Unfair Tactical Advantage**

The Court's analysis regarding prejudice in denying NetApp and SolidFire's stay motion applies equally to Rackspace here. Dkt. No. 105 at 8-10. Like NetApp and SolidFire, Rackspace is not a petitioner in any of the IPRs. Thus, Rackspace is seeking a risk-free and cost-free benefit, while forcing Realtime to expend significant resources defending its patents in the IPRs. Moreover, Rackspace readily admits that it will take a second shot at challenging validity: "if claims survive the IPRs, validity will be litigated in this Court." Mot. at 8.

**1.      A stay will prejudice Realtime's interest in the timely enforcement of its patent rights.**

This Court has repeatedly recognized that "Realtime has an interest in the timely enforcement of its patent rights." Dkt. No. 105 at 9; *Actian*, 2016 WL 3277259, at *2.[3] Rackspace's assertion that Realtime cannot be prejudiced merely because it is a non-practicing entity seeking monetary damages (Mot. at 7) has been debunked by this Court multiple times, including in this case, and should likewise be rejected here. *See* Dkt. No. 105 at 9 ("The fact that Realtime is a non-practicing entity and is merely pursuing monetary damages would not preclude

---

[3] *See also Trover Grp.*, 2015 WL 1069179, at *2 ("the plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights"); *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12-CV-221-LED-JDL, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) (plaintiff "has a recognized interest in the timely enforcement of its patent rights"); *Lennon Image*, 2014 WL 4652117, at *2 ("a patent holder has 'an interest in the timely enforcement of its patent right'").

Realtime from experiencing prejudice if the Court granted Defendants' motion to stay."); *Actian*, 2016 WL 3277259, at *2 (same).

For the instituted IPRs, final decisions could come as late as May 2018—nearly four months after the January 2018 trial date for this case. The pending IPRs, some of which were filed as late as January 30, 2017, may not be even be instituted until July. Final decisions for these IPRs would thus not be expected until July 2018, and could come as late as January 2019, delaying this litigation for six months to a year. *See* 35 U.S.C. § 316(a)(11).[4] This delay "could be further exacerbated if [Rackspace] invoke[s] [its] right to appeal the PTAB's decision to the Federal Circuit." *Actian*, 2016 WL 3277259, at *2 (citing 35 U.S.C. § 141(c)). As this Court previously held, "[s]uch a lengthy delay will result in significant prejudice to Realtime and, therefore, this factor weighs against a stay." *Id.* Rackspace's argument that the Court should ignore this significant prejudice because Realtime could have filed this case earlier when "IPRs did not even exist" (Mot. at 8) is nonsensical, unsupported, and irrelevant. *See, e.g.*, *Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-463-RWS-JDL, Dkt. No. 426 at 6-7 (rejecting defendants' arguments about Realtime's alleged delay).

### 2.      A stay will deny Realtime its chosen forum for litigating validity.

A stay will unfairly prejudice Realtime by depriving it of its chosen forum—this Court— for litigating validity challenges. Rackspace presumably believes that the PTAB is a more favorable forum because the burden of proof is markedly lower—only preponderance of the evidence is required to invalidate a patent in an IPR, as opposed to the clear and convincing standard necessary in court. *See* 35 U.S.C. § 316(e). Additionally, because the PTAB does not address infringement or damages issues, IPR proceedings provide infringers with a risk-free forum to invalidate patents asserted against them. Staying this case and forcing Realtime to

---

[4] *See also* Matthew A. Smith, *A Critical Analysis Of The Inter Partes Review Statute*, p. 8 (Nov. 11, 2011) (questioning the reality of a one year decision period and noting that the PTO could "interpret avoidance of the violation of its own (statutorily mandated) regulation as 'good cause' for an extension") (available at
 http://www.grayonclaims.com/storage/Critical_Analysis_of_Inter_Partes_Review.pdf).

litigate the validity of its patents solely before the PTAB would "unduly prejudice [Realtime] and provide [Rackspace] a clear, and unwarranted, tactical advantage." *Cooper Notification, Inc. v. Twitter, Inc.*, No. CIV. 09-865-LPS, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010); *see also SoftView LLC v. Apple Inc.*, No. CIV. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) ("Staying this litigation in favor of the reexamination proceedings would provide Apple with its choice of forum without any compelling justification for doing so.").

Rackspace's claim that the PTAB is not a risk-free forum because the validity of any surviving claims will be litigated in this Court (Mot. at 8) misses the point. Rackspace will be able to obtain all the benefits of having any claims invalidated in IPR without having to expend any resources, and without having to risk any adverse rulings in litigation. This is the very definition of a risk-free forum. That Rackspace will have to litigate the validity of surviving claims only *if* the petitioning defendants—which, importantly, do *not* include Rackspace—are unable to invalidate the claims in IPR only further underscores the prejudice to Realtime. Rackspace's reliance on the fact that it has agreed to be bound by § 315(e) is also misplaced, and conveniently omits the fact that this agreement applies to only four of the seven asserted patents. *See supra* n.1. Indeed, as this this Court recently held with respect to NetApp and SolidFire (who also did not join in any of the IPRs):

> Weighing this factor in favor of stay on the sole basis of a stipulation of statutory estoppel would essentially pave the way for any non-petitioning defendant to simply sit back and wait for petitioning entities actively engaged in IPR proceedings to finish litigating patent validity before the PTAB. The patentee is effectively deprived of its day in court—or at least significantly delayed from receiving its day in court—without any effort expended on the part of the non-petitioning defendants. Even if NetApp agreed to be bound by the statutory estoppel provisions of Section 315, in these circumstances, this factor would still indicate undue prejudice towards Plaintiff.

> Given that NetApp has not agreed to by bound by the full statutory estoppel provisions of 35 U.S.C. § 315 and has not joined in the filing of a single IPR petition against the asserted patents, this factor weighs ***strongly against staying*** this case.

Dkt. No. 105 at 10-11 (emphasis added).

The same reasoning applies to Rackspace. Because Rackspace has not agreed to be bound by the full statutory estoppel for all asserted patents, and because it has not joined in the filing of any IPR petition, this factor weighs heavily against a stay.

Rackspace's assertion that "undue prejudice to Plaintiff should be unconnected to the monetary amount or resources that Defendants spend in litigation in this Court or any administrative proceeding" (Mot. at 9) is unsupported and contrary to law. It is well-established that the relative financial burden to the parties is a significant factor in evaluating prejudice. *See, e.g.*, *Allure Energy*, 2015 WL 11110606, at *1 (denying motion to stay pending IPR because "a stay would likely require Plaintiff to expend considerable financial resources on the IPR proceedings, prior to its day in court"). Rackspace provides no contrary authority. Indeed, having Rackspace "simply sit back and wait" risk-free and cost-free, while Realtime expends significant resources in IPR, would be unfair and would confer tactical advantage to Rackspace.

Rackspace's argument that Realtime "is actually tactically advantaged if Rackspace does not join the IPR" (Mot. at 9) also fails. Realtime's hypothetical ability to settle the IPRs is speculative and irrelevant to this motion. The issue is before the Court is whether, under the facts here, Realtime will be prejudiced by staying the litigation in favor of the IPR. For the reasons set forth above, it will.

### 3.      A stay increases the risk of losing evidence.

The risk of losing of evidence while the IPR is pending further adds to Realtime's prejudice and weighs against a stay. *See Allure Energy*, 2015 WL 11110606, at *1 ("The stay also tactically disadvantages Plaintiff, as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate."); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) ("[C]rucial witnesses are more likely to be located if discovery is allowed to proceed now, rather than later. [Plaintiff] would be at a severe tactical disadvantage if the entire case were stayed."). Indeed, Rackspace agrees that there is a "risk of loss of testimony with the passing of time." Mot. at 7. The risk to Rackspace, however, is less severe given that its invalidity claims are based largely on prior art references, which do

not change. While it may be true that Rackspace has already produced certain documentary evidence, this does not account for the fact that witnesses' memories fade over time. Further, Rackspace employee witnesses may no longer be available to testify in the event that they change employment and move to a location outside of this Court's subpoena power.

### C. The Advanced State of the Litigation Weighs Against a Stay.

This case is far from infancy. All defendants have answered. A scheduling conference was held on November 16, 2016. A mediator has been selected, and the Court has entered several orders, including a Docket Control Order, Discovery Order, E-Discovery Order, Order Focusing Claims, and Protective Order. Dkt. No. 69-74. Further, the parties fully briefed, and the Court ruled on, Defendants' motion to sever and transfer venue. Dkt. No. 54, 104. Realtime has served its infringement contentions and defendants have served invalidity contentions. Discovery and claim construction are underway, the parties having already filed the Joint Claim Construction and Prehearing Statement. Dkt. No. 108. And by the time this motion is fully briefed, claim construction discovery will be closed, and Realtime will have served its Preliminary Selection of Asserted Claims. *See* Dkt. No. 100.

Realtime (and presumably the defendants as well) also will have already spent considerable time and resources on its opening claim construction brief, which is due on March 31, and the *Markman* hearing, set for April 27, is only a month away. *Id.* Thus, the advanced status of this case weighs against a stay. *Actian*, 2016 WL 3277259, at *3 (finding that this factor weighed against a stay because the "case has proceeded through significant discovery, *Markman* briefing is underway and a *Markman* hearing is less than a month away"); *see also Lennon Image Techs.*, 2014 WL 4652117, at *3 ("Given the sizable resources that the parties and the Court have already invested in this case, staying the case, 'based solely on speculation of what might possibly happen during reexamination' or based upon a possible IPR, 'would be inefficient and inappropriate.'").

### IV.   CONCLUSION

For the foregoing reasons, Rackspace's motion to stay should be denied.

Dated: March 20, 2017                    Respectfully submitted,


                                         By: /s/ C. Jay Chung
                                         Marc A. Fenster (CA SBN 181067)
                                         Email: mfenster@raklaw.com
                                         Brian D. Ledahl (CA SBN 186579)
                                         Email: bledahl@raklaw.com
                                         Reza Mirzaie (CA SBN 246953)
                                         Email: rmirzaie@raklaw.com
                                         Paul Kroeger (CA SBN 229074)
                                         Email: pkroeger@raklaw.com
                                         C. Jay Chung (CA SBN 252794)
                                         Email: jchung@raklaw.com
                                         Jeffrey Z.Y. Liao (CA SBN 288994)
                                         Email: jliao@raklaw.com
                                         Christian Conkle (CA SB No. 306374)
                                         Email: cconkle@raklaw.com
                                         RUSS AUGUST & KABAT
                                         12424 Wilshire Boulevard, 12th Floor
                                         Los Angeles, CA 90025
                                         Telephone: 310/826-7474
                                         Facsimile 310/826-6991

                                         T. John Ward, Jr. (TX SBN 00794818)
                                         E-mail: jw@wsfirm.com
                                         Claire Abernathy Henry (TX SBN 24053063)
                                         E-mail: claire@wsfirm.com
                                         WARD, SMITH & HILL, PLLC
                                         P. O. Box 1231
                                         Longview, Texas 75606
                                         Tele: 903/757-6400
                                         Facsimile 903/757-2323

                                         **Attorneys for Plaintiff**
                                         **REALTIME DATA LLC d/b/a IXO**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on March 20, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ C. Jay Chung_____