IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 6:16-CV-00961 |
| | § | RWS-JDL |
| v. | § | |
| | § | LEAD CASE |
| RACKSPACE US, INC., NETAPP, INC., | § | |
| and SOLIDFIRE, INC., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants NetApp, Inc. ("NetApp") and SolidFire, LLC's ("SolidFire") Motion to Strike Untimely Expert Declaration.[1] (Doc. No. 133.) Plaintiff Realtime Data LLC ("Realtime") has filed a Response. (Doc. No. 142.) Defendant Rackspace does not join NetApp's Motion.

On March 31, 2017, Realtime submitted its Opening Claim Construction Brief, including an attached expert declaration of Dr. Kenneth Zeger. (*See* Doc. No. 128.) NetApp argues that Realtime failed to timely disclose the substance of Dr. Zeger's testimony with its disclosures under Local Patent Rule 4-2(b), and that the report should be stricken on that basis. (Doc. No. 133, at 1.) NetApp relies heavily on an opinion in *Lodsys* where Judge Gilstrap ruled that any expert declarations in support of claim construction "should be disclosed in the same manner as 'dictionary definitions, citations to learned treatises [or] prior art.'" *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, Doc. No. 573, at *2 (E.D. Tex. Mar. 12, 2013). NetApp argues that

---

[1] Unless otherwise noted, the Court will refer to NetApp and SolidFire collectively as "NetApp."

1

it was prejudiced because it did not have sufficient notice with Realtime's L.R. 4-2(b) disclosures to determine whether it should depose Dr. Zeger. (Doc. No. 133, at 2-3.)

Realtime responds that NetApp did not raise this concern when Realtime served its P.R. 4-2 disclosures or when the parties met and conferred, and subsequently filed, their P.R. 4-3 Joint Statement. (Doc. No. 142, at 1.) Realtime notes that in the parties' Joint Statement, they agreed that "[b]oth sides . . . reserve the right to offer expert declarations with their claim construction briefs." (*Id.* (*citing* Doc. No. 108, at 2).) Realtime argues that there is no prejudice because through this statement, it effectively notified NetApp that it intended to offer claim construction testimony. (*Id.* at 1, 5.) Realtime also argues that it adequately summarized its expert's proposed testimony for each term. (*Id.* at 5 (*citing, e.g.*, Doc. No. 108-1, at 11 (For the term "compression": "The following is a brief description of the substance of Dr. Zeger's and/or Dr. Sayood's proposed testimony: How a person of ordinary skill in the art would understand 'compress' in view of the intrinsic and extrinsic evidence."))). Realtime argues that *Lodsys* merely requires Realtime to "indicate in the Joint Claim Construction Chart and Prehearing Statement that it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby." (*Id.* at 7 (*citing Lodsys*, No. 2:11-cv-90-JRG, Doc. No. 573, at *3).)

In *Lodsys*, after the parties submitted their Joint Claim Construction Chart and Prehearing Statement but before the plaintiff had filed its opening claim construction brief, defendants sought clarification of the disclosure obligations under Local Patent Rule 4-3(b). *Lodsys*, No. 2:11-cv-90-JRG, Doc. No. 573, at *1. Judge Gilstrap found that a plaintiff's generic statement reserving its right to submit an expert declaration did not satisfy the requirements of Local Patent Rules 4-2(b) or 4-3(b). *Id.* at *1, *2.

Through its own actions, NetApp has effectively "waived" any challenge to Realtime's reliance on the expert declaration of Dr. Zeger for its claim construction arguments. In *Lodsys*, defendants raised their concerns with plaintiff's disclosures soon after the parties filed the Joint Claim Construction statement and prior to plaintiff's submission of its opening claim construction brief. *See id.* On the other hand, NetApp waited until after Realtime had already filed its opening claim construction brief to raise the issue.

Further, in its Local Patent Rule 4-2(b) and 4-3(b) disclosures, NetApp made substantially similar representations when compared to Realtime's statements of potential reliance on expert opinions. For instance, in their 4-2(b) disclosures, Defendants stated for each term that they "may offer expert testimony regarding how this term would have been understood by one of skill in the art at the time of invention in view of the intrinsic evidence." (Doc. No. 142, Ex. A.) NetApp, in effect, acquiesced to the form of Realtime's disclosures of potential expert opinions by providing essentially the same form of disclosures.

As the Court has found in other contexts, "defendant cannot lay behind the log until late in the case and then claim it lacks notice." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) (denying defendant's Motion seeking to limit plaintiff's infringement arguments to certain accused products based on plaintiff's disclosures in its initial infringement contentions). NetApp had ample opportunities to challenge Realtime's Local Patent Rule 4-2(b) and 4-3(b) disclosures long before Realtime filed its opening claim construction brief, but chose not to take them. Compounded by the fact that NetApp made statements substantially similar to Realtime's in its own claim construction disclosures, such a tactic does not warrant the wholesale exclusion of Dr. Zeger's expert report at this stage.

For these reasons, the Court **DENIES** NetApp and SolidFire's Motion to Strike Untimely Expert Declaration. (Doc. No. 133.)

**So ORDERED and SIGNED this 17th day of April, 2017.**

*John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE