IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:16-CV-00961 |
| | § | RWS-JDL |
| v. | § | |
| | § | LEAD CASE |
| RACKSPACE US, INC., NETAPP, INC., | § | |
| and SOLIDFIRE, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant NetApp, Inc. and SolidFire, LLC's (collectively, "NetApp") Motion to Strike Plaintiff Realtime Data, LLC's ("Realtime") Infringement Contentions and to Compel Compliance Under P.R. 3-1. (Doc. No. 117.) Realtime has filed a Sealed Response (Doc. No. 146), NetApp has filed a Reply (Doc. No. 149), and Realtime has filed a Sur-Reply (Doc. No. 152).

NetApp argues that Realtime's second amended infringement contentions are deficient under P.R. 3-1 because they "parrot[] claim language and paste[] screenshots and block quotes of NetApp's web pages with no explanation of how the accused products satisfy the claim limitations." (Doc. No. 117, at 1.) NetApp notes that after complaining of deficiencies regarding Realtime's first amended infringement contentions in an eleven-page letter on February 14, 2017, Realtime provided its second amended infringement contentions with changes to the claim charts for just one of the four accused products, ONTAP. (*Id.*; *see also*

1

Doc. No. 131, Ex. 18.) NetApp argues that even with respect to ONTAP, the second amended contentions "continue to gloss over and confuse what aspect of the accused products satisfies key claim terms." (Doc. No. 117, at 2.) NetApp requests that the Court order Realtime to amend its contentions with respect to ONTAP and strike Realtime's contentions with respect to the other three accused products. (*Id.* at 14-15.) NetApp also requests that the Court order Realtime to pay NetApp's costs and fees associated with this Motion. (*Id.* at 15.)

Realtime argues that even its original infringement contentions satisfied P.R. 3-1. (Doc. No. 146, at 1.) Realtime argues that NetApp's complaints about the specificity of the contentions are "undermined by the fact that 93% of NetApp's documents produced thus far . . . were produced just a couple weeks ago, *after* Realtime had already supplemented the contentions for the second time." (*Id.*) Realtime argues that striking its contentions and ordering fees is unwarranted in light of its previous efforts to provide sufficient contentions. (*Id.* at 13-14.)

Upon review of Realtime's second amended infringement contentions, the Court finds that they are deficient, particularly with respect to the AltaVault, SolidFire, and Mars OS products. Realtime's contentions remain deficient with respect to ONTAP as well. However, NetApp's requested relief—striking Realtime's AltaVault, SolidFire, and Mars OS contentions with no leave to amend—is inappropriate at this time. Likewise, although NetApp took the proper step in bringing its dispute to the Court soon after it arose, the Court will not award fees and costs associated with NetApp's Motion. Discovery is ongoing in this matter and the Court has not yet issued its claim construction order (after which Realtime will have another 30 days under P.R. 3-2 to amend its contentions consistent with the Court's constructions). It is appropriate at this stage to permit Realtime an opportunity to amend its contentions. However,

now that NetApp has raised its concerns with the Court, if Realtime fails to properly amend its contentions, it may face more serious consequences as the case progresses.

In amending its contentions, Realtime must specifically address NetApp's complaints in its Motion with respect to ONTAP. Namely, Realtime must be clear as to what aspect of the accused products satisfies each key claim term. This includes *at least* (1) identifying to the best of its ability the portion of the accused product that satisfies the "compressed data block" portion of Claim 9 of the '728 Patent and (2) identifying to the best of its ability what constitutes the claimed "data types" for claims 48 and 49 of the '992 Patent. (*See* Doc. No. 117, at 12-13; *see also* Doc. No. 146, at 12-13.) Realtime cannot fill in the gaps with screen shots and parroted claim language with respect to these limitations or any other limitations.

With respect to the remaining three accused products, the Court agrees that "Realtime's second amended contentions for ONTAP make clear that Realtime is capable of providing specific contentions." (Doc. No. 149, at 5.) Although NetApp's February 14 letter (*see* Doc. No. 131, Ex. 18) specifically addresses ONTAP, Realtime can easily extrapolate to the other accused products to provide the same level of specificity. That is, Realtime must similarly provide explanation in its contentions for these accused products beyond simply screen shots of NetApp documents and parroted language from the claims.

Assuming that Realtime properly identifies what aspect of the accused products satisfy each key claim term, Realtime's doctrine of equivalents contentions as currently written are sufficient under P.R. 3-1. Despite this, the Court encourages Realtime to likewise amend its doctrine of equivalents contentions in order to provide additional clarity in light of ongoing discovery.

Accordingly, NetApp's Motion is **GRANTED-IN-PART**. Realtime is **ORDERED** to serve Supplemental Infringement Contentions consistent with P.R. 3-1 within 14 days of this Order.

**So ORDERED and SIGNED this 10th day of May, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE