IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:16-CV-00961 |
| | § | RWS-JDL |
| v. | § | |
| | § | |
| RACKSPACE US, INC., NETAPP, INC., | § | |
| and SOLIDFIRE, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Realtime Data LLC's Sealed Motion for Leave to Supplement Infringement Contentions as to Defendant Rackspace US, Inc. (Doc. No. 158.) Rackspace has filed a Response (Doc. No. 161), Realtime has filed a Reply (Doc. No. 171), and Rackspace has filed a Sur-Reply (Doc. No. 181).[1]  After consideration of the parties' arguments and for the reasons stated herein, the Court **GRANTS** Realtime's Motion for Leave to Supplement its Infringement Contentions, with further requirements as explained below. (Doc. No. 158.)

I.  **BACKGROUND**

On June 26, 2016, Realtime filed the above-captioned case against Rackspace and one other Defendant. (Doc. No. 1.) Realtime filed an Amended Complaint on October 11, 2016.

---

[1] Without explanation, two days after filing its original Sur-Reply, Rackspace filed a "corrected" Sur-Reply in Support of its Opposition. (*See* Doc. No. 181.) This second Sur-Reply is a few pages shorter than Rackspace's original Sur-Reply. However, it was not only filed two days after the deadline, but is also still over the page limit for sur-replies prescribed by the local rules. *See* L.R. CV-7(2) ("Any reply or sur-reply brief to an opposed non-dispositive motion filed pursuant to Section (f) of this rule shall not exceed five pages."). The Court solely considers the first five pages of Rackspace's "corrected" Sur-reply in deciding this Motion.

1

(Doc. No. 33.) In its October 2016 Complaint, Realtime alleges that Rackspace infringes seven Realtime patents with the Rackspace Cloud Backup, ONTAP, and AltaVault products. (*Id.*)

On April 25, 2017, Realtime took the deposition of Rackspace's Chief Technology Officer, John Engates. (Doc. No. 158-1 ("Chung Decl."), ¶4.) Mr. Engates testified that the Rackspace Managed Backup product also performs deduplication and compression via CommVault software. (*Id.*) Rackspace had first produced documents relating to CommVault on April 18, 2017. (*Id.* at ¶5.) On May 1, 2017, Realtime served supplemental infringement contentions on Rackspace that included claim charts for Rackspace Managed Backup. (*Id.* at ¶6.) After meeting and conferring with Rackspace on the issue, Realtime filed the current Motion to Supplement Infringement Contentions on May 15, 2017. (Doc. No. 158.)

The fact discovery deadline is currently set for July 10, 2017, the expert discovery deadline is set for August 18, 2017, and the dispositive motion deadline is set for August 25, 2017. (Doc. No. 167.) Trial is set for January 22, 2018. (*Id.*)

## II. LEGAL STANDARD

Patent Local Rule 3-6 sets forth when a party may amend its infringement or invalidity contentions. If a party "believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve Amended Infringement Contentions without leave of court." E.D. Tex. L.R. P. R. 3-6(a). Otherwise, a party seeking to supplement its infringement contentions must obtain leave of Court upon a showing of good cause. E.D. Tex. L.R. P. R. 3-6(b).

Courts in this district rely on four factors to determine whether a party has shown good cause to supplement infringement contentions: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of

2

lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Motion Game, LLC v. Nintendo Co.*, Case No. 6:12-cv-878-RWS-JDL, 2015 WL 1774448, at *2 (E.D. Tex. Apr. 16, 2015).

## III. DISCUSSION

### A. Potential Prejudice in Allowing Amendment

Realtime argues that Rackspace is not prejudiced because Realtime is not seeking to add any new patents or claims, but simply seeking to "add one new accused product that was recently identified in deposition." (Doc. No. 158, at 5.) Realtime argues that fact discovery is still open. (*Id.* at 5–6.) Realtime also argues that Rackspace made a "conscious decision" not to include Rackspace Managed Backup in its answer to interrogatory responses served January 17, 2017, and thus any prejudice is "self-inflicted". (*Id.* at 6.)

Rackspace argues that it will be prejudiced because Realtime is attempting to add an entirely new product that operates differently from the currently accused products. (Doc. No. 161, at 4–5.) Rackspace argues that the Rackspace Managed Backup product compresses data without an "analysis step" or "selection step," as required by the claims. (*Id.*) Thus, Rackspace argues, Rackspace will need to perform new and "extensive" prior art searching to supplement its invalidity case. (*Id.* at 5–6.) Rackspace also argues at length that because Rackspace Management Backup does not perform an "analysis step" or "selection step," amendment is futile and must be denied. (*Id.* at 6–10.)

On reply, Realtime argues that Rackspace's futility argument "amounts to a summary judgment motion for non-infringement," not a basis to deny supplemental infringement contentions. (Doc. No. 171, at 1–2.) On the merits, however, Realtime argues that certain patent claims do not even mention analyzing, selecting, or identifying. (*Id.* at 2 (*citing* U.S. Patent No.

3

9,116,908, Claim 1; U.S. Patent No. 7,415,530, Claim 1).) Realtime argues that its theories against Rackspace Managed Backup are "consistent with its theories regarding other Rackspace products and do not expand the issues." (*Id.* at 3.)

In its sur-reply, Rackspace argues that "[w]hether the '530 and '908 claims require some data analysis is a claim construction issue that has not been resolved by the court." (Doc. No. 185, at 2.) Rackspace notes that four of the six patents Realtime seeks to assert against the Rackspace Managed Backup product include analysis steps and thus Realtime's infringement theories as to those claims do expand the case. (*Id.* at 3–4 ("As the Court is aware, Rackspace disagrees with Realtime's infringement contentions.").) Rackspace also notes that "Plaintiff's proposed supplemental charts are notably silent on how the claim elements really apply to the Managed Backup process." (*Id.* at 4.) Rackspace argues that it will be required to spend time and resources changing its invalidity case, including invalidity contentions, to encompass Rackspace's new theories. (*Id.* at 5.)

Infringement contentions serve a supplemental pleading and notice function for parties. Under the facts of this case, it would be improper to deny Realtime leave to supplement its contentions on the basis of futility. The Court is certainly aware that Rackspace disputes Realtime's infringement theories. However, the arguments Rackspace raises with respect to the "analysis steps" of certain claims are better left for determination at the summary judgment stage.

The Court similarly finds that Realtime's infringement theories with respect to the Rackspace Managed Backup product are not so different from its theories with respect to Rackspace's other products as to warrant their exclusion. Given that fact discovery remains open, the parties still have time to address Realtime's new claims against Rackspace Managed

Backup. Similarly, while Rackspace's arguments regarding its invalidity defenses seem exaggerated, to the extent Rackspace believes it must now extensively change its invalidity case in light of Realtime's supplemental infringement contentions, it has time to do so prior to the close of fact discovery. This factor weighs slightly in favor of allowing Realtime to supplement.

The Court does recognize that given the current stage of the case, Rackspace unavoidably faces some hardship in adjusting its defenses. The fact discovery deadline is currently set less than a month away on July 10, 2017. Further, after Realtime served Rackspace with its proposed supplemental infringement contentions, the Court issued a Memorandum Opinion and Order finding that Realtime must amend its infringement contentions with respect to its claims against NetApp and SolidFire. (*See* Doc. No. 156.) As the Court noted in its Order, "Realtime cannot fill in the gaps with screen shots and parroted claim language" with respect to its contentions, as it appears to be doing in some instance here. (*Id.* at 3.) Given these facts, as discussed in the Conclusion Section below, Realtime will be required to further supplement its contentions, Rackspace will be granted leave to amend its invalidity contentions, and the parties' dispositive motion deadline in this matter will be extended in order to allow them time to extend their other intervening deadlines.

### B. Reason for Delay

Realtime alleges that it was diligent in amending its infringement contentions in light of information learned during Mr. Engates's deposition. (Doc. No. 158, at 4.) Plaintiff argues that it had "no information about the operation of Rackspace Managed Backup prior to Mr. Engates's deposition" and was not aware of public documents detailing its operation. (*Id.*) Rackspace responds solely to argue that it was not required to identify Managed Backup in response to its January 2017 responses to Plaintiff's interrogatories based on the wording of the interrogatories.

5

(Doc. No. 161, at 11.) Realtime replies that with such a response, "Rackspace fails to provide any reason to suggest Realtime was not diligent." (Doc. No. 171, at 4.)

The Court finds that this factor weighs in favor of allowing Realtime to supplement. Realtime asserts that it first learned that Rackspace Managed Backup used compression and deduplication during Mr. Engates's deposition on April 25, 2017. Plaintiff served its proposed supplemental infringement contentions on May 1, 2017. Based on this information, it appears that Realtime exhibited sufficient diligence in seeking to supplement its contentions.

C. **Importance of Material**

Realtime alleges that its contentions are important because they are similar to its contentions for the other three accused products. (Doc. No. 158, at 5.) Realtime argues that if it is not permitted to supplement its contentions to add Rackspace Managed Backup, "its infringement claims against Rackspace would not be fully resolved by this litigation." (*Id.*) Rackspace argues that Realtime's amendment is not important because "Rackspace Management Backup is a service provided by Commvault," and Realtime has already filed an infringement action against Commvault. *See* Case No. 6:17-cv-00123-RWS-JDL (E.D. Tex. Feb. 27, 2017). Rackspace argues that "[t]o the extent Realtime wants to assert a claim of infringement against Commvault's products, Realtime can do so in the newly filed case." (Doc. No. 161, at 11.) Realtime replies that "Rackspace does not dispute that allowing Realtime to add Managed Backup to this litigation would be far more efficient than forcing Realtime to file a new complaint." (Doc. No. 171, at 4.) Realtime also argues that it is "entitled to pursue its claims against Rackspace for its infringing use of Managed Backup," despite the fact that Realtime has also filed suit against CommVault. (*Id.*)

6

Based on the parties' arguments, it is not entirely clear how important Realtime's proposed amendments are to the above-captioned case. On the one hand, Realtime argues that it will not be able to fully resolve its claims against Rackspace if Managed Backup is not added to the case. On the other hand, Rackspace argues that claims against Managed Backup (and Rackspace) can just as easily be added to Realtime's case against CommVault, which is currently in its infancy. Based on the competing factors, the Court finds that this factor is neutral.

### D. Availability of a Continuance

Realtime alleges that because its supplemental contentions would not cause undue prejudice to Rackspace, there is no need for a continuance. (Doc. No. 158, at 6 (citing *MacLean-Fogg Co. v. Eaton Corp.*, Case No. 2:07-cv-0472, 2008 WL 4601476, at *2 (E.D. Tex. Oct. 6, 2008).) Rackspace argues that if Managed Backup was added to the case, it would need "significant additional discovery." (Doc. No. 161, at 11.)

The fact discovery deadline in this case is currently July 10, 2017 and trial is set for January 22, 2018. The Court finds that there is some wiggle room in the current schedule that would allow the parties additional time for fact and expert discovery without requiring a continuance of trial. On the record before it, the Court finds that this relief is sufficient to allow the parties to address Plaintiff's proposed supplemental amendments to its infringement contentions. This factor favors allowing Plaintiff to supplement its contentions.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for Leave to Supplement Infringement Contentions as to Rackspace. (Doc. No. 158.) The Court further **ORDERS** Plaintiff to serve amended infringement contentions with respect to Rackspace's

7

Managed Backup product that are consistent with the Court's Order regarding NetApp's Motion to Strike Plaintiff's Infringement Contentions (Doc. No. 156) within **seven (7) days of this Order**.  The Court further **ORDERS** that Rackspace may, if it so chooses, serve Amended Invalidity Contentions **within thirty (30) days of this Order** without seeking further leave of Court.  The Court further *sua sponte* **EXTENDS** the Dispositive Motion Deadline for all parties to October 3, 2017.  The Court **ORDERS** all parties to meet and confer and submit an amended Docket Control Order to the Court consistent with this deadline extension within **seven (7) days of this Order**.

**So ORDERED and SIGNED this 19th day of June, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE