IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **REALTIME DATA, LLC,** § § § *Plaintiff,* § § **v.** § § **RACKSPACE US, INC., NETAPP, INC.,** § **and SOLIDFIRE, INC.,** § § *Defendants.* § | **CIVIL ACTION NO. 6:16-CV-00961 RWS-JDL** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants NetApp, Inc. and SolidFire, LLC's (collectively, "NetApp") Second Renewed Motion to Stay Litigation Pending *Inter Partes* Review. (Doc. No. 196.) Plaintiff Realtime Data, LLC ("Realtime") has filed an Opposition (Doc. No. 206) and NetApp has filed a Reply (Doc. No. 208).

Also before the Court is Defendant Rackspace US, Inc.'s ("Rackspace") Renewed Motion to Stay Pending *Inter Partes* Review. (Doc. No. 201.) Realtime has filed a Response. (Doc. No. 207.)

The Court incorporates by reference the following Orders:

- Order denying NetApp's original Motion to Stay pending IPR, issued February 28, 2017. (Doc. No. 105.) This Order also declined to consider Rackspace's belated attempt to join the Motion. (*Id.* at 1 n.1.)

- Order denying Rackspace's original Motion to Stay pending IPR, issued April 24, 2017. (Doc. No. 150.)

1

- Order denying NetApp's Renewed Motion to Stay pending IPR, issued April 24, 2017. (Doc. No. 151.)

Since the Court's Orders in April 2017 denying stays, at least the following developments have taken place in this case:

- April 27, 2017: Markman Hearing (Doc. No. 153);

- May 10, 2017: Memorandum Opinion and Order denying NetApp's Motion to Strike Realtime's Infringement Contentions and ordering Realtime to serve supplemental contentions (Doc. No. 156);

- June 8, 2017: Order denying NetApp's request for a 60-day extension of all deadlines, including trial (Doc. No. 176);

- June 14, 2017: Memorandum Opinion and Order construing disputed claim terms (Doc. No. 183);

- June 19, 2017: Memorandum Opinion and Order granting Realtime leave to file supplemental infringement contentions with respect to Rackspace and extending the dispositive motion deadline to October 3, 2017 (Doc. No. 186); and

- July 21, 2017: Report and Recommendation denying NetApp's Motion to Dismiss for Improper Venue.

The fact discovery deadline is July 31, 2017. The dispositive motion deadline is October 3, 2017. A pretrial conference is set for December 19, 2017 and trial is set for January 16, 2018. (Doc. No. 193.)

On May 2, 2017, NetApp and Rackspace filed a joint IPR petition with respect to the '728 Patent. IPR2017-01354. On June 22–23, 2017, a week before the statutory deadline, NetApp and Rackspace filed IPR petitions on the '506, '992, and '513 Patents. IPR2017-01660,

IPR2017-1663, IPR2017-1664. Rackspace also filed three individual IPR petitions with respect to the '530, '908, and '867 Patents on June 16, 2017 (IPR2017-01627, IPR2017-01629) and June 28, 2017 (IPR2017-01691). As of this Order, none of the IPR petitions filed by NetApp or Rackspace have received institution decisions. *See also* IPR2017-01195, IPR2017-01196.

On May 30, 2017, the PTAB instituted IPRs on the '506 and '728 Patents. IPR2017-00176, IPR2017-00179. The PTAB also instituted the first IPR petition filed with respect to the '867 Patent on July 6, 2017. IPR2017-00557. Rackspace and NetApp are not petitioners with respect to these IPRs.[1] At this time, at least three claims asserted against NetApp and Rackspace are not subject to instituted IPRs. '908 Patent, Claim 3; '530 Patent, Claim 20; '728 Patent, Claim 17.

In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F.Supp.2d at 662.

The Court finds that under the present circumstances, a stay remains unwarranted. This case has continued to progress forward and the parties have continued to expend significant resources in litigating various disputes. The discovery deadline is rapidly approaching and the dispositive motion deadline is a little over two months away. Further, given the current

---

[1] At the time of its Renewed Motion (June 30, 2017), Rackspace agreed "to be estopped under 35 U.S.C. §315(e)(2) from asserting invalidity in its case to the same extent that it would be as though it had filed each of the instituted IPRs above." (Doc. No. 201, at 5.) The PTAB's institution decision with respect to the '867 Patent did not occur until after Rackspace filed its Motion. Thus, there is no indication as to whether Rackspace agrees to be bound with respect to that IPR. Meanwhile, although NetApp's Second Renewed Motion discusses other IPRs instituted on Realtime's patents at length, and although its previous Motion indicated that it would agree to be statutorily estopped with respect to all IPRs filed against Asserted Patents, NetApp's current Motion does not indicate whether NetApp agrees to be statutorily estopped under § 315 with respect to IPRs where it is not a petitioner.

complexity and varied timing of the proceedings before the PTAB, simplification of the issues remains highly speculative. A stay would prejudice Realtime for similar reasons.

Accordingly, the Court **DENIES** NetApp's Second Renewed Motion to Stay Litigation Pending *Inter Partes* Review (Doc. No. 196) and **DENIES** Rackspace's Renewed Motion to Stay Pending *Inter Partes* Review (Doc. No. 201).

**So ORDERED and SIGNED this 25th day of July, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE