IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA LLC,** | § § § | |
| **Plaintiff,** | § § | CIVIL ACTION NO. 6:16-CV-00961-RWS |
| v. | § § | |
| **NETAPP, INC., SOLIDFIRE, LLC,** | § § § | |
| **Defendants.** | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On July 21, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Defendants NetApp, Inc. and SolidFire, LLC's (collectively, "NetApp") Motion to dismiss or transfer this case pursuant to 28 U.S.C. § 1406 and Federal Rule of Civil Procedure 12(b)(3) be denied. Docket No. 209. NetApp filed objections to the Magistrate Judge's R&R. Docket No. 216. Having conducted a *de novo* review of NetApp's written objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. 28 U.S.C. § 636 (b)(1).

NetApp specifically objects to the Magistrate Judge's finding that NetApp waived its challenge to venue in this action and that the Supreme Court's decision in *TC Heartland* was not an intervening change in law. Docket No. 216 at 7–10. As to NetApp's waiver, the Magistrate Judge found that NetApp's conduct in this matter has amounted to more than mere defense against Realtime's claims and noted that "NetApp has filed numerous discovery motions, challenged Realtime's patent claims based on alleged indefiniteness in their *Markman* briefing, and otherwise

submitted to venue in this district." Docket No. 209 at 4. NetApp argues that the Magistrate Judge erred in this conclusion because he cited no substantive or dispositive motions filed by NetApp. Docket No. 216 at 7. NetApp, however, cites no authority for its suggested rule that a substantive or dispositive motion must be brought in order for a court to find waiver based on conduct. *See Koninklijke Philips v. ASUSTeK Computer Inc.*, No. 1:15-cv-1125-GMS, at *8 (D. Del. July 19, 2017) (finding defendants' conduct waived any venue defense where defendants "(1) participated in a scheduling conference; (2) conducted discovery, (3) entered into a stipulation and protective order with the plaintiff; and (4) moved the court to allow their out of state counsel to appear *pro hac vice*."); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H- JLB, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017) (finding defendants waived any challenge to venue through litigation conduct by participating in litigation for "approximately a year, including by serving invalidity contentions, filing two motions to stay, filing a motion for judgment on the pleadings, and participating in claim construction.").

Moreover, as the Magistrate Judge noted, NetApp did affirmatively seek a dispositive ruling from this court by claiming certain claim terms were indefinite during the *Markman* proceedings. Additionally, while NetApp argued that its motion to stay pending *inter partes* review favored preserving a venue challenge, NetApp sought affirmative relief from the court in this motion on grounds other than a challenge to venue. Indeed, as the Magistrate Judge pointed out, the only venue issue raised affirmatively by NetApp was a motion to transfer venue based upon convenience that this Court denied. Docket No. 209 at 5–6. Moving pursuant to § 1404 based upon convenience does not deny that venue is proper in this District—it simply suggests that venue would be more convenient elsewhere. Choosing to file a motion to transfer based upon convenience without timely pursuing an improper venue defense fails to provide any preservation or notification to the Court that a defendant intends to make such a challenge. *See iLife Techs., Inc.*

*v. Nintendo of Am., Inc.*, No. 3:13-cv-4987, 2017 WL 2778006, at *5 (N.D. Tex. June 27, 2017) (finding that defendant waived improper venue defense by admitting venue was proper in its answer and filing a Motion to Transfer Venue pursuant to § 1404(a), but failing to bring a timely motion under Rule 12(b)(3) and § 1400(b)).[1] Therefore, the Court **OVERRULES** NetApp's objection based on the Magistrate Judge's finding of waiver.

As to NetApp's general objection that *TC Heartland* was an intervening change in law, the Court agrees with the district court decisions that have concluded that *TC Heartland* was not an intervening change in the law. *See iLife Techs. Inc. v. Nintendo of America, Inc.*, No. 3:13- cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017) (". . . *TC Heartland* does not qualify as an intervening change in law."); *In re Nintendo of America Inc.*, No. 2017-127, Slip. Op., Doc. No. 30, at 3 (Fed. Cir. July 26, 2017) (petition for writ of mandamus denied); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) *report and recommendation adopted by* Doc. No. 430 (July 19, 2017) ("The Court need not reach Defendants' argument that a change in law constitutes an exception to waiver under Rule 12(h)(1)(A) because the Supreme Court's decision in *TC Heartland* does not qualify"); *In re Hughes Network Sys., LLC*, No. 2017-130, 2017 WL 3167522, at *1 (Fed. Cir. July 24, 2017) (petition for writ of mandamus denied); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*."); *In re Sea Ray Boats, Inc.*, Case No. 2017-124, Dkt. 15, Slip Op. at 2 (Fed. Cir. June 9, 2017) (petition for writ of mandamus denied); *Chamberlain Group, Inc. v. Techtronic Indus. Co.*, No. 16 C 6097,

---

[1] NetApp argues that *iLife* is inapposite because in that case venue was admitted in the answer. Docket No. 216 at 8. However, as the Magistrate Judge pointed out, NetApp's answer did not clearly deny venue and instead raised confusion. *See* Docket No. 209 at 5 ("given the inconsistencies in NetApp's Answer (admitting venue is 'authorized', but denying venue is 'proper' and filing an affirmative defense of improper venue), it is unclear whether NetApp even preserved a defense of improper venue at the time it filed its Answer").

2017 WL 3205772, at *2 (N.D. Ill. June 28, 2017) ("the Court follows *Elbit* and *Cobalt Boats* . . . in finding that *TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances."); *In re Techtronic Indus. North America, Inc. et al.*, No. 2017-125, Slip. Op., Doc. No. 25, at 3 (Fed. Cir. July 25, 2017) (petition for writ of mandamus denied); *Navico, Inc. v. Garmin Int'l, Inc*., No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017) ("[B]ecause *TC Heartland* does not qualify as an intervening change of law, this waiver is not excused."); *Orthosie Sys., LLC v. Synovia Solutions, LLC*, No. 4:16-CV-00995, 2017 WL 3244244, at *3 (E.D. Tex. July 31, 2017); *Mantissa Corp. v. Ondot Sys., Inc.*, No. 4:15-cv-113, Slip. Op., Doc. No. 113, at 6 (S.D. Tex. July 26, 2017); *Skyhawke Techs., LLC v. DECA Int'l Corp. et al*., No. 3:10-CV-708T-SL-RHW, 2017 WL 3132066, at *2 (S.D. Miss. July 21, 2017); *Koninklijke Philips v. ASUSTeK Computer Inc*., No. 1:15-cv-1125- GMS, Slip. Op., Doc. No. 215, at 10 (D. Del. July 19, 2017); *Fox Factory, Inc., v. SRAM, LLC*, No. 3:16-cv-506-WHO, Slip. Op., Doc. No. 72, at 5 (N.D. Cal. July 18, 2017); *Reebok Int'l Ltd., et al. v. TRB Acquisitions LLC, et al*., No. 3:16-CV-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017) ("the defense of improper venue was not 'unavailable' to Defendants before the Supreme Court issued its decision in *TC Heartland*."); *Infogation Corp. v. HTC Corp*., No. 16- CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) ("[T]he Supreme Court's decision in *TC Heartland* does not excuse Defendants' waiver as to venue in this District."); *Amax, Inc. v. ACCO Brands Corp*., No. CV 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) ("defendant's contention that an objection to improper venue under 28 U.S.C. § 1400(b) was previously unavailable is incorrect."). NetApp's objection is **OVERRULED**.

Finally, the Court finds no reason to reconsider NetApp's request to transfer this case to the Northern District of California based upon convenience. *See* Docket No. 110, *order overruling objections*, Docket No. 182. That decision was properly considered and evaluated based upon the

known facts at the time of the filing of the complaint in this matter. *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed").

Therefore, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED** and NetApp's Motion (Docket No. 180) is **DENIED.**

**SIGNED this 21st day of August, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE